COPY

Alan E. Kassan, Esq. - State Bar No. 113864
  E-Mail: akassan@kantorlaw.net
Peter S. Sessions, Esq. - State Bar No. 193301
  E-Mail: psessions@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
(818) 886-2525 (TEL)
(818) 350-6272 (FAX)

Attorneys for Plaintiff
RONALD D. TURNER

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

CV 08 1290   MHP

| | |
|---|---|
| RONALD D. TURNER, | Case No. |
| Plaintiff, | COMPLAINT FOR: |
| vs. | BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; INJUNCTIVE AND DECLARATORY RELIEF; PREJUDGMENT AND POSTJUDGMENT INTEREST; AND ATTORNEYS' FEES AND COSTS |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, NESTLE PURINA PETCARE COMPANY LONG TERM DISABILITY PLAN, | |
| Defendants. | |

Plaintiff Ronald D. Turner ("Plaintiff") herein sets forth the allegations of his complaint against defendants The Prudential Insurance Company of America and Nestle Purina PetCare Company Long Term Disability Plan ("Defendants").

**PRELIMINARY ALLEGATIONS**

1. Jurisdiction: This action is brought under 29 U.S.C. §§ 1132(a), (e), (f), and (g) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as it involves a claim by Plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as

1

28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of obtaining benefits under the terms of an employee benefit plan, and to clarify and enforce Plaintiff's past, present and future rights to benefits under the employee benefit plan named as Defendant. Plaintiff also seeks equitable relief, including but not limited to: restitution, an injunction ordering defendants to qualify Plaintiff for benefits and to pay Plaintiff benefits to which Plaintiff is entitled, prejudgment and postjudgment interest, and attorneys' fees and costs.

2.  Plaintiff was at all times relevant an employee of Nestle Purina PetCare Company and a resident of Contra Costa County in the State of California.

3.  Plaintiff is informed and believes that defendant The Prudential Insurance Company of America ("Prudential") is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Northern District of California, and can be found in the Northern District of California. Prudential is the insurer of benefits under the LTD Plan and acted in the capacity of claim administrator for the LTD Plan.

4.  Plaintiff is informed and believes that Defendant Nestle Purina PetCare Company Long Term Disability Plan ("LTD Plan") is an employee welfare benefit plan regulated by ERISA, established by Nestle Purina PetCare Company, under which Plaintiff is and was a participant, and pursuant to which Plaintiff is entitled to long term disability ("LTD") benefits. Pursuant to the terms and conditions of the LTD Plan, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains totally disabled as required under the terms of the LTD Plan. The LTD Plan is doing business in this judicial district, in that it covers employees residing in this judicial district.

5.  Defendants can be found in this judicial district and the defendant LTD Plan is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

# FIRST CLAIM FOR RELIEF AGAINST
# NESTLE PURINA PETCARE COMPANY LONG TERM
# DISABILITY PLAN AND PRUDENTIAL INSURANCE
# COMPANY OF AMERICA FOR DENIAL OF PLAN BENEFITS

6.  Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

7.  At all times relevant, Plaintiff was employed by Nestle Purina PetCare Company and was a covered participant under the terms and conditions of the LTD Plan.

8.  During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the LTD Plan and other employee benefit plans established and maintained by Nestle Purina PetCare Company. Specifically, while Plaintiff was covered under the LTD Plan, Plaintiff suffered a disability rendering him disabled as defined under the terms of the LTD Plan.

9.  Pursuant to the terms of the LTD Plan, Plaintiff made a claim to Prudential for LTD benefits under the Plan. Initially, Prudential approved benefits and paid Plaintiff beginning on or about October 30, 2002. On or about January 4, 2005, Prudential denied Plaintiff's claim for LTD benefits on the ground that Plaintiff's claim lacked sufficient medical evidence to prove disability and that there was a lack of proof of continuing impairment. On January 31, 2005, Plaintiff appealed this determination. Despite overwhelming evidence of a covered LTD claim, on October 26, 2005, Prudential erroneously and wrongfully continued to uphold its prior determination denying Plaintiff's claim for LTD benefits. Subsequently, on or about March 14, 2006, Plaintiff submitted a second appeal of the denial of LTD benefits. On June 12, 2006, Prudential again continued to erroneously and wrongfully uphold its prior determination denying Plaintiff's claim for LTD benefits. By letter dated August 6, 2007, the denial of Plaintiff'S LTD benefits was again appealed to Prudential. On November 6, 2007, Prudential again wrongfully continued to uphold the decision to deny Plaintiff's LTD benefits.

10. Defendants wrongfully denied Plaintiff's claim in the following respects:

(a) Failure to pay LTD benefit payments to Plaintiff at a time when Defendants knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as Plaintiff was disabled and unable to work and therefore entitled to benefits. Even though the LTD Plan and Prudential had such knowledge, Prudential denied Plaintiff's LTD benefits;

(b) Failure to provide a prompt and reasonable explanation of the basis relied on under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of Plaintiff's claim for LTD benefits;

(c) After Plaintiff's claim was denied in whole or in part, Prudential failed to adequately describe to Plaintiff any additional material or information necessary for Plaintiff to perfect his claim along with an explanation of why such material is or was necessary;

(d) Concealing and withholding from Plaintiff the notice requirements Defendants were required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, particularly 29 C.F.R. § 2560.503-1(f)-(g), inclusive; and

(e) Failing to properly and adequately investigate the merits of Plaintiff's disability claim and to provide a full and fair review of Plaintiff's claim.

11. Plaintiff is informed and believes and thereon alleges that these named Defendants wrongfully denied his disability benefits under the LTD Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

12. Following the denial of Plaintiff's disability claim under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the LTD Plan.

13. As a proximate result of the aforementioned wrongful conduct of the LTD Plan and Prudential, and each of them, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

14. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff in pursuing this action has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendants.

**SECOND CLAIM FOR RELIEF AGAINST**
**NESTLE PURINA PETCARE COMPANY LONG TERM**
**DISABILITY PLAN AND PRUDENTIAL INSURANCE**
**COMPANY OF AMERICA FOR EQUITABLE RELIEF**

15. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

16. As a direct and proximate result of the failure of Defendants to pay disability benefits to Plaintiff, and the resulting injuries and damages sustained by Plaintiff as alleged herein, Plaintiff is entitled to, and hereby requests, that this Court grant Plaintiff the following relief pursuant to 29 U.S.C. § 1132(a)(3):

(a) Restitution of all past benefits due to Plaintiff under the LTD Plan, plus prejudgment and postjudgment interest at the lawful rate;

(b) A mandatory injunction issued requiring Defendants to immediately qualify Plaintiff for past disability benefits under the LTD Plan, and to continue such qualification for so long as Plaintiff remains totally disabled under the terms of the Plan; and

1         (c) Such other and further relief as the Court deems necessary and proper to protect Plaintiff's interests as a disabled employee and/or participant under the LTD Plan.

### THIRD CLAIM FOR RELIEF AGAINST NESTLE PURINA PETCARE COMPANY LONG TERM DISABILITY PLAN AND PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR DECLARATORY RELIEF

17. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

18. A controversy now exists between Defendants and Plaintiff as to whether Plaintiff is disabled under the terms of the LTD Plan. Plaintiff seeks a declaration by this Court that Plaintiff meets the LTD Plan definition of disability and that he was and is entitled to continued LTD benefits from Defendants. Plaintiff further seeks a declaration by this Court that if Plaintiff is found to have been disabled, and continues to remain disabled, under the terms of the controlling Plan documents, that all benefits provided under the Plan while a participant is disabled, be reinstated retroactive to the date Plaintiff's disability benefits should have been awarded.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. For payment of disability benefits due Plaintiff;

2. For a declaration that Plaintiff was disabled retroactive to the denial of LTD benefits and is entitled to receive LTD benefits while Plaintiff was and continues to be disabled under the terms of the LTD Plan;

3. For injunctive relief requiring payment of all disability benefits and any other employee benefits owed under the LTD Plan;

    4.    For all costs and attorneys' fees incurred in pursuing this action pursuant to 29 U.S.C. § 1132(g);

    5.    For prejudgment and postjudgment interest as allowed under law; and

    6.    For such other and further relief as this Court deems just and proper.

Dated: March 4, 2008                                    KANTOR & KANTOR, LLP

By: _____
Peter S. Sessions
Attorneys for Plaintiff
Ronald D. Turner