1  DONALD P. SULLIVAN, State Bar No. 191080
   MORGAN, LEWIS & BOCKIUS LLP
2  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
3  Tel: 415.442.1000
   Fax: 415.442.1001
4  E-mail: dpsullivan@morganlewis.com

5  Attorneys for Defendants
   THE PRUDENTIAL INSURANCE COMPANY OF
6  AMERICA AND THE NESTLE PURINA
   PETCARE COMPANY LONG TERM
7  DISABILITY PLAN

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **RONALD TURNER,** | Case No. CV 08-1290 MHP |
| **Plaintiff,** | |
| vs. | |
| **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, NESTLE PURINA PETCARE COMPANY LONG TERM DISABILITY PLAN,** | **DEFENDANT ANSWER TO THE COMPLAINT OF PLAINTIFF RONALD TURNER FOR DAMAGES, DECLARATORY RELIEF AND/OR EQUITABLE RELIEF PURSUANT TO ERISA** |
| **Defendants.** | |

DEFENDANTS PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential") and the NESTLE PURINA PETCARE COMPANY LONG TERM DISABILITY PLAN ("Plan") (collectively, "Defendants"), by and through their attorneys, hereby answer the Complaint in the above referenced matter as follows:

1.  The statements contained in Paragraph 1 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation. Defendants do not, however, dispute that this Court has jurisdiction to hear this case.

2.  Defendants are without sufficient information to either admit or deny the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ANSWER OF DEFENDANT PRUDENTIAL
CASE NO. CV 08-1290 MHP

allegations contained in Paragraph 2 of the Complaint, and on that ground deny each and every such allegation.

3. Defendants deny each and every allegation contained in Paragraph 3 of the Complaint, except admit that Prudential is authorized to transact business in California and that it acted in the capacity of claims administrator for the Plan in the past.

4. Defendants deny each and every allegation contained in Paragraph 4 of the Complaint, except admit that the Plan is an ERISA-governed employee benefit plan.

5. The statements contained in Paragraph 5 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation. Defendants do not, however, contest that venue in this District is proper.

6. In responding to Paragraph 6, Defendants incorporate by reference its responses to Paragraphs 1-5 above.

7. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Complaint, and on that ground deny each and every such allegation.

8. Defendants deny each and every allegation contained in Paragraph 8 of the Complaint.

9. Defendants deny each and every allegation contained in Paragraph 9 of the Complaint, except admit that they denied Plaintiff's claim for long term disability benefits on or about January 4, 2005, that Plaintiff appealed Defendants' decision on or about January 31, 2005, and that Defendants affirmed their decision to deny Plaintiff's claim for long term disability benefits on or about October 26, 2005. Defendants further admit that Plaintiff submitted his second appeal on or about March 14, 2006, that Defendants denied Plaintiff's second appeal on or about June 12, 2006, that Plaintiff submitted his third appeal on or about August 6, 2007, and that Defendants denied Plaintiff's third appeal on or about November 6, 2007. Except as expressly admitted, Defendants deny each and every allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny each and every allegation contained in Paragraph 10 of the

Complaint, including each of the sub-paragraphs of Paragraph 10.

11. Defendant denies each and every allegation contained in Paragraph 11 of the Complaint.

12. The statements contained in Paragraph 12 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

13. The statements contained in Paragraph 13 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

14. The statements contained in Paragraph 14 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

15. In responding to Paragraph 15 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1 through 14 above.

16. The statements contained in Paragraph 16 of the Complaint, including all sub-parts of Paragraph 16, constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

17. In responding to Paragraph 17 of the Complaint, Defendants incorporate by reference its responses to Paragraphs 1 through 16 above.

18. The statements contained in Paragraph 18 of the Complaint constitute legal argument rather than factual allegations, thereby requiring no answer. To the extent said statements could be construed as containing factual allegations, Defendants deny each and every such allegation.

The statements set forth in Plaintiff's Prayer for Relief constitute claims for relief and

legal contentions, rather than factual allegations, thereby requiring no answer. To the extent that any such statements are construed to contain allegations of fact, Defendants deny each and every such allegation.

### AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the claims asserted in the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and its purported Claim for Relief for benefits pursuant to ERISA contained therein, fails as a matter of law because Plaintiff has failed to allege facts sufficient to support his claim for payment of benefits.

### SECOND AFFIRMATIVE DEFENSE

Any recovery by Plaintiff is limited to the relief available under ERISA Section 502(a)(1)(B) and the terms of the Plan.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and its purported Claim for Relief for benefits pursuant to ERISA contained therein, fails to state a claim under ERISA to the extent that Plaintiff is seeking prejudgment interest or other relief not available under ERISA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and its purported Claim for Relief for benefits pursuant to ERISA contained therein, fails as a matter of law because Plaintiff has already received all of the benefits to which he is entitled under the terms of the Plan.

/ / /

/ / /

**FIFTH AFFIRMATIVE DEFENSE**

The decision regarding Plaintiff's claim was based on substantial evidence, and as such did not constitute an abuse of discretionary authority granted to the claims review fiduciary under the terms of the Plan, making Plaintiff not entitled to recovery of Plan benefits.

**SIXTH AFFIRMATIVE DEFENSE**

Should the Court determine that Plaintiff is entitled to the payment of benefits, which Defendants expressly deny, Defendants are, pursuant to the terms of the Plan, entitled to offset or deduct from any payment to Plaintiff any income Plaintiff is receiving or has received from any other source, including, but not limited to, Social Security disability insurance, other State or Federal disability insurance, Worker's Compensation, and/or any other government disability benefits. Plaintiff currently owes Defendants $20.963.94 in LTD overpayments that were not offset by his SSDB award.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint and its claim for relief is barred by the doctrine of equitable estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the doctrine of waiver because of Plaintiff's own conduct, acts, and omissions.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to attorneys' fees under ERISA §502(g).

**TENTH AFFIRMATIVE DEFENSE**

Defendant cannot fully anticipate all the defenses that may be applicable to this action due its inability to identify the Plaintiff based on the allegations in the Complaint. Accordingly,

1  Defendant reserves the right to assert additional defenses if and to the extent that such defenses
2  are applicable.
3
4  WHEREFORE, Defendants pray for judgment as follows:
5  1. That Plaintiff take nothing by the Complaint and judgment be entered for
6  Defendant;
7  2. That Defendants be awarded all costs of suit incurred herein;
8  3. That Defendants be awarded reasonable attorneys' fees; and
9  4. That Defendants be granted such other and further relief as the Court deems just
10 and proper.
11
12 Dated: April 22, 2008                    MORGAN, LEWIS & BOCKIUS LLP

By: _____/S/ DRAFT_____
    Donald P. Sullivan
    Attorney for Defendants
    THE PRUDENTIAL INSURANCE
    COMPANY OF AMERICA AND THE
    NESTLE PURINA PETCARE COMPANY
    LONG TERM DISABILITY PLAN

1-SF/7693006.2