Alan E. Kassan, State Bar No. 113864
Peter S. Sessions, State Bar No. 193301
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Tel: 818.886.2525
Fax: 818.350.6272
E-mail: akassan@kantorlaw.net
E-mail: psessions@kantorlaw.net

Attorneys for Plaintiff
Ronald D. Turner

Donald P. Sullivan, State Bar No. 191080
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: dpsullivan@morganlewis.com

Attorneys for Defendants
The Prudential Insurance Company of
America and the Nestle Purina
Petcare Company Long Term
Disability Plan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald D. Turner,<br><br>           Plaintiff,<br><br>      vs.<br><br>The Prudential Insurance Company of America; Nestle Purina Petcare Company Long Term Disability Plan,<br><br>           Defendants. | Case No. CV 08-1290 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER**<br><br>Case Management Conference:<br><br>Date:  July 7, 2008<br>Time:  4:00 p.m.<br>Ctrm:  15, 18th Floor, San Francisco |

Pursuant to this Court's Civil Local Rules ("Civ. L.R.") 16-7 and 16-8, the parties jointly submit this Case Management Statement and Proposed Order. Each party certifies that its lead trial counsel who will try this case met and conferred for the preparation of this Statement as

required by Civ. L.R. 16-4.

The parties make the following representations and recommendations:

### A.     Joint Statement of Facts and Events Underlying the Action

This is an action for benefits arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").  Plaintiff Ronald D. Turner ("Turner") was an employee of Nestle Ice Cream Company, LLC ("Nestle") and therefore eligible for benefits under Nestle's parent company's long term disability ("LTD") benefit plan (the "LTD plan").  The LTD plan is insured, and claims thereunder administered by, defendant The Prudential Insurance Company of America ("Prudential").

Turner was a truck driver for Nestle who suffered from multiple sclerosis and other conditions.  He stopped working on May 2, 2002, and subsequently submitted a claim for LTD benefits to Prudential.  Prudential approved Turner's claim effective October 30, 2002.

Prudential terminated Turner's benefits effective January 1, 2005 on the ground that he no longer met the LTD plan's definition of disability.  Turner appealed this determination, which was upheld by Prudential on November 6, 2007.  Turner has now brought this action for plan benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

### B.     Principal Issues

1. <u>The principal factual issues that the parties dispute are:</u>
   a. Whether Turner is disabled as that term is defined by the LTD plan;
   b. If Turner prevails, what benefits are due to him under the LTD plan.
2. <u>The principal legal issues that the parties dispute are:</u>
   a. Whether the Court should utilize the abuse of discretion or *de novo* standard of review in determining whether Prudential's decision to deny Turner's claim for LTD benefits was proper, and, if the abuse of discretion standard applies, whether and to what extent any conflict of interest on the part of Prudential may have tainted its decision-making process;

        b.     Under the appropriate standard of review, whether Turner is entitled to LTD benefits under the terms of the LTD Plan;

        c.     Whether any party is entitled to recover attorneys' fees.

3. <u>The following issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue remain unresolved</u>:

None.

4. <u>The following parties have not been served</u>:

None.

5. <u>Any additional parties that a party intends to join are listed below</u>:

None at this time.

6. <u>Any additional claims that a party intends to add are listed below</u>:

None at this time.

**C.  Alternative Dispute Resolution**

Plaintiff has suggested that the parties participate in private mediation. Defendants are currently considering Plaintiff's proposal.

**D.  Consent to Jurisdiction by a Magistrate Judge**

The parties respectfully do not consent to a trial presided over by a magistrate judge.

**E.  Disclosures**

The parties certify that they have made the following disclosures:

1. <u>Persons disclosed pursuant to Civ. L.R. 16-5</u>:

The parties have not yet made their initial disclosures, and propose to do so as detailed below in subsection E.5.

2. <u>Categories of documents disclosed under Civ. L.R. 16-5 or produced through formal discovery</u>:

The parties have not yet made their initial disclosures, and propose to do so as

|   |   |   |
|---|---|---|
| 1 |   | detailed below in subsection E.5. |
| 2 | 3. | <u>Each party who claims an entitlement to damages or an offset sets forth the</u> |
| 3 |   | <u>following preliminary computation of the damages or of the offset</u>: |
| 4 |   | Turner contends that he is entitled to monthly disability benefits in the amount of |
| 5 |   | approximately $1,800 per month, reduced by the receipt of other benefits as |
| 6 |   | detailed in the LTD plan, retroactive to the date his benefits were terminated. |
| 7 |   | Turner also contends that he is entitled to attorney's fees, in an amount to be |
| 8 |   | determined at trial, pursuant to 29 U.S.C. § 1132(g). |
| 9 | 4. | <u>All insurance policies as defined by Fed. R. Civ. P. 26(a)(1)(D) have been</u> |
| 10 |   | <u>disclosed as follows</u>: |
| 11 |   | The parties have not yet made their initial disclosures, and propose to do so as |
| 12 |   | detailed below in subsection E.5. |
| 13 | 5. | <u>The parties will disclose the following additional information by the date listed</u>: |
| 14 |   | In this ERISA action, there will likely be no witnesses and the Court's review will |
| 15 |   | be focused primarily on Prudential's claim file (the "administrative record"). As |
| 16 |   | a result, in an effort to conserve resources, the parties propose that Defendants |
| 17 |   | produce their initial disclosures, including Prudential's claim file, on or before |
| 18 |   | July 14, 2008. To the extent Plaintiff possesses any documents or witness |
| 19 |   | information that is not included in Defendants' initial production, he will produce |
| 20 |   | such information on or before July 21, 2008. |
| 21 | 6. | <u>Disclosures as required by Fed. R. Civ. P. 26(e) will be supplemented at the</u> |
| 22 |   | <u>following intervals</u>: |
| 23 |   | The parties propose that no concrete deadlines for supplemental disclosure are |
| 24 |   | necessary in this case, and that they will supplement their initial disclosures in a |
| 25 |   | timely manner pursuant to Rule 26(e). |

**F.     Early Filing of Motions**

At this time, the parties do not intend to file any motions expected to have a significant

1 effect either on the scope of discovery or other aspects of the litigation.

**G.    Discovery**

    1.    <u>The parties have conducted or have underway the following discovery</u>:

        None at present.

    2.    <u>The parties have negotiated the following discovery plan</u>:

        In this limited ERISA action, the parties do not believe any detailed discovery plan is necessary. At this time, Plaintiff reserves the right to propound limited discovery, after review of Defendants' initial disclosures, regarding Prudential's conflict of interest.

    3.    <u>Limitations on discovery tools in accordance with Civ. L.R. 30-1, 33-1</u>:

        The parties do not believe that the Court needs to set any limitations on discovery pursuant to F.R.C.P. 26 or the Court's local rules.

    4.    <u>The parties agree to the following limitations on the subject matter of discovery</u>:

        The parties do not believe that the Court needs to set any limitations on discovery pursuant to F.R.C.P. 26 or the Court's local rules.

    5.    <u>Discovery from experts. The parties plan to offer expert testimony as to the following subject matter(s)</u>:

        The parties believe that there will be no expert witnesses in this ERISA matter.

    6.    <u>The Court orders the following additional limitations on the subject matter of discovery</u>:

        _____

        _____

        _____

    7.    <u>Deadlines for disclosure of witnesses and completion of discovery</u>:

        a.    Disclosure of identities of all witnesses to be called in each party's case-in-chief:

            The parties believe that there will be no live witnesses at the trial of this

1  ERISA matter, and thus no deadline is necessary.

2      b. Completion of all discovery except from experts (see Civ. L.R. 26-5):

3  December 9, 2008.

4      c. Disclosure of identities, resumes, final reports and all other matters

5  required by Fed. R. Civ. P 26(a)(2):

6  The parties believe that there will be no expert witnesses in this ERISA

7  matter, and thus no deadline is necessary.

8      d. Completion of discovery from experts (see Civ. L.R. 26-5):

9  See above.

10

11  **H.    Pretrial and Trial Schedule**

12    1. Trial date:

13  April 7, 2009.

14    2. Anticipated length of trial (number of days):

15  One day.

16    3. Type of trial:

17  Court trial.

18    4. Final pretrial conference date:

19  Given the restricted issues and evidence before the Court in this ERISA action,

20  including the strong likelihood that there will be no live witnesses, no expert

21  witnesses, and only limited documentary evidence, the parties propose that the

22  Court waive the pretrial conference, pretrial order, and other pretrial requirements

23  set forth in the Court's local rules.  The parties instead propose that the Court set

24  a briefing schedule in advance of the trial date, with opening and responsive

25  briefs from both parties, as is convenient for the Court's calendar.

26    5. Date required for filing the joint pretrial conference statement and proposed

27  pretrial order required by Civ. L.R. 16-9(b), complying with the provisions of

28  Civ. L.R. 16-8(b)(7)-(10) and such other materials as may be required by the

1         <u>assigned judge</u>:

2         See above.

3     6.   <u>Date for filing objections under Civ. L.R. 16-8(b)(11) (objections to exhibits or testimony)</u>:

5         See above.

6     **7.**   <u>Deadline to hear motions directed to the merits of all or part of the case</u>:

7         February 9, 2009.

**I.   Date of Next Case Management/Status Conference**

_____

**J.   Other Matters**

None at present.

**K.   Identification and Signature of Lead Trial Counsel**

Dated: June 30, 2008             KANTOR & KANTOR LLP

                                  By:   */s/ Peter S. Sessions*
                                        Peter S. Sessions
                                        Attorney for Plaintiff
                                        Ronald D. Turner
                                        19839 Nordhoff Street
                                        Northridge, CA 91324
                                        Tel: 818.886.2525

Dated: June 30, 2008             MORGAN, LEWIS & BOCKIUS LLP

                                  By:   */s/ Donald P. Sullivan (as authorized on 6/27/08)*
                                        Donald P. Sullivan
                                        Attorney for Defendants
                                        The Prudential Insurance Company of
                                        America and the Nestle Purina
                                        Petcare Company Long Term
                                        Disability Plan
                                        One Market, Spear Street Tower
                                        San Francisco, CA 94105-1126
                                        Tel: 415.442.1000

1   The court finds that each party was represented by lead trial counsel responsible for trial of this matter and was given an opportunity to be heard as to all matters encompassed by this Case Management Statement and Proposed Order filed prior to this conference. The court adopts this statement as modified and enters of this court pursuant to Civ. L.R. 16-8(b).

   The foregoing joint statement as amended is adopted by this court as the Case Management Order in this action in accordance with Civ. L.R. 16 and other applicable Local Rules, and shall govern all further proceedings in this action.

   IT IS SO ORDERED.


Date: _____         _____
                                    Marilyn Hall Patel
                                    United States District Judge

1-SF/7721538.1